The PEOPLE of the State of Colorado, Complainant

v.

Vincent C. TODD, Respondent.

Nos. 99PDJ077, 99PDJ110, 00PDJ080.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Nov. 25, 2003.

**ORDER RE: MOTION TO REVOKE PROBATION AND MOTION TO REVOKE REINSTATEMENT**

This matter is before the Presiding Disciplinary Judge ("PDJ") on complainant's Motion to Revoke Probation and Motion to Re-

voke Reinstatement filed December 26, 2002. On January 22, 2003, respondent Vincent Todd ("Todd") filed a Response to complainant's motions and filed a Motion to Strike Paragraph 29 of complainant's Motion. On January 24, 2003, complainant filed a Reply. An evidentiary hearing was held on April 21, 2003. James S. Sudler appeared on behalf of complainant. Daniel J. Schendzielos appeared on behalf of Todd, who was also present. At the hearing the testimony of Kathleen Harrington, William Retrum and Todd was presented. Complainant offered exhibits 1 through 5 and Todd offered exhibit A, which were admitted into evidence.

The PDJ took judicial notice of the files in case nos. 99PDJ077, 99PDJ110, 00PDJ080 and 02PDJ096. At the commencement of the evidentiary hearing, the PDJ denied Todd's Motion to Strike Paragraph 29 of complainant's Motion. The PDJ, being fully advised in the issues presented, having considered the evidence presented and assessed the credibility of the witnesses, makes the following findings of fact by a preponderance of the evidence and the following conclusions of law.

### Findings of Fact

On August 21, 2000, Todd and complainant filed a Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct ("Conditional Admission") in case no. 99PDJ077 (Case No. 99PDJ110 was consolidated into 99PDJ077). The Conditional Admission set forth facts establishing misconduct by Todd which he stipulated violated various provisions of the Colorado Rules of Professional Conduct and specified an agreed upon sanction of "One Year and One Day Suspension, all but Thirty Days Stayed with Conditions During a Two Year Probation." On August 22, 2000 the PDJ entered an order approving the Conditional Admission and imposing the agreed upon sanction. The order provided, in part:

> The respondent shall not engage in any conduct which results in the imposition of any form of discipline as provided in C.R.C.P. 251.6 or C.R.C.P. 251.7; an order of immediate suspension as provided in C.R.C.P. 251.8 or C.R.C.P. 251.8(5), or the filing of a Complaint as provided in C.R.C.P. 251.14 during a period of two years after the date of this Order.

The August 22 order made the effective date of the suspension September 22, 2000. Thereafter, Todd requested that the effective date of the suspension be delayed to October 9, 2000. Complainant did not object in the delay of the effective date of the suspension and the PDJ entered an Amended Order specifying the effective date of the suspension to be October 9, 2000.

On November 2, 2000, less than a month after the Amended Order in case no. 99PDJ077 (Consolidated with case no. 99PDJ110) had become effective, complainant filed a new complaint against Todd, case no. 00PDJ080. On August 1, 2001, complainant filed a Motion to Consolidate case no. 99PDJ077 (Consolidated with case no. 99PDJ110) with case no. 00PDJ080. Todd did not object to the motion. The Motion to Consolidate stated, in part:

1. *People v. Todd,* 00PDJ080 is a second and related case to the initial one, *People v. Todd,* 99PDJ077.

2. Discovery in the second matter has now occurred and the parties are willing to settle the second matter on terms and conditions, which extend the probationary period in the initial case.

The PDJ granted the Motion to Consolidate on August 1. On August 28, 2001, Todd and complainant filed a second Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct ("Second Conditional Admission"). The Second Conditional Admission contained the parties' stipulation to a sanction of "Extension of Probation for an Additional One–Year Period."

On September 18, 2001, the PDJ entered an order approving the Second Conditional Admission. The Order stated:

> Vincent C. Todd, Attorney Registration No. 12955 is placed on probation for an additional one year period which shall commence upon the completion of the sanction imposed upon respondent in Case No. 99PDJ077 (consolidated with 99PDJ110) *to wit,* one year and one day period of sus-

pension, with all but thirty days stayed, followed by a two year period of probation.

The two orders approving the two Todd Conditional Admissions had the following effect. On October 9, 2000, Todd was suspended from the practice of law. Upon proper application for reinstatement by Todd pursuant to C.R.C.P. 251.29(b), Todd could be summarily reinstated to the practice of law on November 8, 2000. Upon reinstatement, Todd would be placed upon probation for a period of two years.

On October 30, 2000, Todd filed an Affidavit of Compliance with C.R.C.P. Rule 251.29(b) with complainant. The affidavit stated, in part:

I have fully complied with the Order of suspension and with all of the provisions of C.R.C.P. Rule 251.29.

The affidavit was signed by Todd under oath. On November 9, 2000, complainant filed a Certificate of Satisfactory Compliance pursuant to Rule 251.29(b) with the PDJ attesting that Todd had filed the required affidavit of compliance with C.R.C.P. 251.29. On November 14, 2000, the PDJ issued an order reinstating Todd to the practice of law effective November 14, 2000, upon the terms and conditions of his probation. The order of reinstatement specifically provided that Todd's two-year period of probation would commence on November 14, 2000. That period of probation would not terminate, absent a subsequent order modifying the term of probation, earlier than November 13, 2002.

On November 6, 2002, complainant filed a new Complaint against Todd alleging various violations of the Colorado Rules of Professional Conduct, case no. 02PDJ096. That case remains pending.

The Motion to Revoke Probation and Motion to Revoke Order of Reinstatement was filed by complainant on December 26, 2002. The Motion seeks to revoke the probation and impose the remainder of the one-year and one day period of suspension based upon the fact that Todd allegedly violated a term of the probation by engaging in conduct during the period of probation which resulted in the filing of a formal Complaint pursuant to C.R.C.P. 251.14. The Complaint filed in case

no. 02PDJ096 is incorporated into the Motion. The Motion also seeks an order revoking the reinstatement order dated November 14, 2000.

Following Todd's suspension from the practice of law, he was required to notify opposing counsel in pending litigation of the suspension. C.R.C.P. 251.28(c). Todd failed to notify Kathleen Harrington of the suspension order. Todd had filed two cases against Harrington's client prior to the effective date of the suspension order. In one of those cases Harrington had entered her appearance but not the other. Todd did not notify Harrington in either case that he would be suspended from the practice of law. Notwithstanding that failure, Todd filed an affidavit with the Office of Attorney Regulation Counsel on October 18, 2000, stating under oath that he had notified all opposing counsel in pending matters of the order of suspension and his inability to act as an attorney after the effective date of the order. A similar affidavit was filed with the PDJ on October 30, 2000.

The affidavit which Todd filed with the Office of Attorney Regulation Counsel provided a list of all pending matters in which he served as counsel. The list did not disclose his participation in the two cases against Harrington's client. Todd admitted that he erroneously failed to include the Harrington cases on the list or to notify Harrington of the order in conformity with the requirements of C.R.C.P. 251.29(c). Todd testified that Harrington knew of the order of suspension from other sources, however, and that neither she nor her client were adversely impacted by his failure to disclose.

Based upon Todd's incomplete affidavits, an order reinstating him to the practice of law was entered on November 14, 2000. Todd did not correct the representations set forth in either affidavit even after he was fully aware that they were not accurate.

The Complaint filed on November 6, 2002, in case no. 02PDJ096 alleges six claims of alleged attorney misconduct. The allegations set forth in that complaint arise out of Todd's representation of a single client in a criminal matter.

Todd's client was charged with harassment in the Edgewater Municipal Court. Prior to Todd's involvement in the matter, the client pled guilty to the charge. During the same hearing in which the client entered the guilty plea, the court issued a temporary restraining order against the client. Thereafter, the client contacted the person which the restraining order precluded him from contacting and he was charged with violating the restraining order. Todd was retained, filed a motion in the violation of the restraining order criminal case attacking the validity of the restraining order and filed a declaratory judgment action in the Jefferson County District Court seeking to attack the action of the Edgewater Municipal Court in issuing the restraining order. Todd also filed an appeal of the Edgewater Municipal Court decision accepting the client's guilty plea and issuing the restraining order.

A Motion to Dismiss was filed in the declaratory judgment action. Todd did not respond to the motion. The Jefferson County District Court dismissed the complaint and ruled "that, pursuant to C.R.S. § 13–17–102(4) it finds the bringing of this action lacked substantial justification." The Jefferson County District Court awarded attorney fees against both the client and Todd.

In the appeal of the guilty plea of the client, Todd failed to timely post costs for the appeal, failed to timely file an opening brief and after being advised that the case would be dismissed untimely sought an extension of time to file the opening brief. The extension of time was denied and the appeal was dismissed.

### Conclusions of Law

■ The Motion to Revoke Probation is premised upon the filing of case no. 02PDJ096. Todd's disciplinary probation order specifically provided:

The respondent shall not engage in any conduct which results in the imposition of any form of discipline as provided in C.R.C.P. 251.6 or C.R.C.P. 251.7; an order of immediate suspension as provided in C.R.C.P. 251.8 or C.R.C.P. 251.8(5), or the filing of a Complaint as provided in

C.R.C.P. 251.14 during a period of two years after the date of this Order.

Complainant contend that because the filing of a disciplinary complaint was authorized by the Attorney Regulation Committee during the period of Todd's probationary status, probation must be revoked. The analysis is not that direct.

The filing of a disciplinary Complaint under C.R.C.P. 251.14 is authorized if the Attorney Regulation Committee finds there is reasonable cause to believe grounds for discipline exist. C.R.C.P. 251.12. The standard of review by the Attorney Regulation Committee in authorizing the filing of a formal Complaint is reasonable grounds to believe grounds for discipline exist. Revocation of probation requires a finding by preponderance of the evidence. C.R.C.P. 251.7(c). Thus a grant of authority by the Attorney Regulation Committee to file a Complaint does not satisfy the burden of proof necessary to revoke probation. To interpret the condition of probation at issue in this case as requested by complainant would effectively allow the revocation of probation on evidentiary proof based on reasonable cause to believe rather than by a preponderance of the evidence as specifically set forth in C.R.C.P. 251.7(c).

The evidence presented at the evidentiary hearing, however, does meet the preponderance of evidence test for at least two of the six claims advanced in case no. 02PDJ096. The evidence presented established by a preponderance that Todd neglected the appeal of the Edgewater Municipal Court matter to the point it was dismissed for failure to prosecute. In addition, Todd admitted that he failed to list the declaratory judgment action on the list of pending cases attached to his affidavit filed under C.R.C.P. 251.28(d) and that he did not notify Harrington of his suspension from the practice of law as required by C.R.C.P. 251.28(c). See Claims Two and Claim Five.

The evidence presented at the revocation hearing established by a preponderance of the evidence that at least two of the six claims set forth in the complaint in case no. 02PDJ096 were supported, Todd has violated a condition of probation imposed upon him in

case no. 99PDJ077(consolidated with 99PDJ110 and 00PDJ080).

The Motion filed by complainant also requests that the PDJ vacate the Order of Reinstatement issued November 14, 2000, on the grounds that the affidavit filed by Todd was false. Reinstatement after suspension for less than one year or less is governed by C.R.C.P. 251.29(b). Reinstatement is premised upon the submission of an affidavit by the respondent lawyer. Of necessity, the information set forth in the affidavit is presumed to be both complete and accurate. In this case it was not and reinstatement should not have been granted.

### Order

It is therefore ORDERED:

1. The stay imposed on the imposition of ELEVEN MONTHS AND ONE DAY of the one year and one day sanction ordered in case no. 99PDJ077(Consolidated with 99PDJ110) and later consolidated with 00PDJ080, is vacated.

2. The Order of Reinstatement issued November 14, 2000, is vacated effective thirty-one days from the date of this order.

3. VINCENT C. TODD will be SUSPENDED from the practice of law, commencing thirty-one days from the issuance of this order for a period of ELEVEN MONTHS AND ONE DAY.